# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

RACHEL HELLER,

       Plaintiff,

v.

ABC NEWS, INC.; GLASS
ENTERTAINMENT GROUP LLC; and
HULU, LLC,

       Defendants.

Case No. 1:23-CV-04595-ELR

## OPPOSITION TO PLAINTIFF'S MOTION FOR CERTIFICATE OF IMMEDIATE REVIEW

Amanda G. Hyland
GA Bar No. 325115
**BUCHALTER APC**
3350 Riverwood Parkway SE
Suite 1900
Atlanta, Georgia 30339
(404) 832-7534
ahyland@buchalter.com

Nathan Siegel (admitted *pro hac vice*)
Marietta Catsambas (admitted *pro hac vice*)
**DAVIS WRIGHT TREMAINE LLP**
1301 K Street NW, Suite 500 East
Washington, D.C. 20005
(202) 973-4200
nathansiegel@dwt.com
mariettacatsambas@dwt.com

*Attorneys for Defendants ABC News, Inc. and Hulu, LLC*

## PRELIMINARY STATEMENT

28 U.S.C. § 1292(b) provides a "rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996).   The statute sets forth stringent requirements to permit interlocutory appeals.   Plaintiff's Motion, ECF No. 38, does not come close to meeting that strict standard.

As a threshold matter, Section 1292(b) does not apply to the circumstances of this case at all.   The statute only applies to an order that is inherently interlocutory, meaning that it could not be a final judgment even if ABC/Hulu were the only defendants sued.   Since this Court's dismissal order disposed of all claims against ABC/Hulu, it would be a final judgment but for the presence of Defendant Glass Entertainment Group ("Glass").   The Motion may be denied for this reason alone.

The Motion should also be denied on the merits.   The issues for which the Motion seeks certification concern the application of settled law to the pleaded facts, not any controlling questions of law.   Nor is there any substantial ground for difference of opinion that the facts pled here provide no plausible basis to contend ABC/Hulu knowingly and clearly granted a waiver of their First Amendment rights to someone they never communicated with.   Finally, there is no basis to conclude that interlocutory review would materially advance the termination of this litigation. Plaintiff never explains how the dismissal of these Defendants makes any material

difference to the case at all, since she may pursue her misappropriation claim against Glass. Rather, interlocutory review would more likely materially delay the progress of this case.

In short, Plaintiff cannot show that this is one of those "exceptional cases" where immediate review would "avoid protracted and expensive litigation." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1256 (11th Cir. 2004) (quoting 1958 U.S.C.C.A.N. 5260). Accordingly, Plaintiff's Motion should be denied.

## **RELEVANT FACTUAL BACKGROUND**

Since the allegations and issues that are relevant to this Motion are well-known to the Court, they need not be repeated here. Pursuant to Section 1292(b), Plaintiff asks the Court to certify "two issues" for interlocutory appellate review. Mot. at 4. Those are: "(1) whether ABC and Hulu have rights to broadcast the Docuseries that are broader than Glass's rights; and (2) whether ABC and Hulu are bound by Glass's waiver of the First Amendment right of expression." *Id.*

## **LEGAL STANDARD**

"Pursuant to 28 U.S.C. § 1292(b), a district court may certify an order for an interlocutory appeal when (1) the order involves a controlling question of law; (2) there is a substantial ground for difference of opinion regarding the controlling question of law; and (3) such an appeal may materially advance the ultimate termination of the litigation." *Dekalb Cnty. v. HSBC N. Am. Holdings Inc.*, No. 1:12-

CV-03640-ELR, 2016 WL 3958730, at *2 (N.D. Ga. Feb. 25, 2016) (Ross, J.). "Certification for immediate appeal of a non-final order under § 1292(b) is an extraordinary measure, which is permitted only in exceptional circumstances." *S. Pilot Ins. Co. v. CECS, Inc.*, 15 F. Supp. 3d 1335, 1336 (N.D. Ga. 2013). Quoting the report of the Judicial Conference of the United States Courts to Congress, the Eleventh Circuit has emphasized the statute's "limited scope": "It is not thought that district judges would grant the certificate in ordinary litigation which could otherwise be promptly disposed of or that mere question as to the correctness of the ruling would prompt the granting of the certificate." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1256 (11th Cir. 2004). Even if the district court certifies the appeal, the court of appeals has discretion to disallow the appeal. *Drummond Co. v. Conrad & Scherer, LLP*, 885 F.3d 1324, 1336 (11th Cir. 2018).

## ARGUMENT

## I.   SECTION 1292(b) DOES NOT APPLY TO PLAINTIFF'S REQUEST

While Plaintiff's Motion would fail to satisfy the stringent standard established by 28 U.S.C. § 1292(b) if that statute applied, the Court need not even reach that question. Plaintiff asks this Court to certify two "issues." Mot. at 4. But the interlocutory appeal statute does not provide for certification of specific "issues."

Rather, the statute permits certification for immediate review of "an *order* not otherwise appealable." 28 U.S.C. § 1292(b) (emphasis added). Thus, when a district

court certifies an order, if the appellate court allows the appeal all aspects of the order become ripe for appellate review. *See McFarlin*, 381 F.3d at 1255–56 ("Under § 1292(b), 'appellate jurisdiction applies to the *order* certified to the court of appeals, and is not tied to the particular question formulated by the district court.'" (quoting *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996))).  Thus, because the only "order" relevant to Plaintiff's Motion is the order granting these Defendants' motion to dismiss, certification of that order would in effect result in *de novo* appellate review of all issues addressed in that decision.[1]

For that reason, it is well-settled that Section 1292(b) "applies only to orders that would be considered interlocutory even if presented in a simple single-claim, two-party case . . . ."  Wright & Miller, 10 Fed. Prac. & Proc. Civ. § 2658.2 (4th ed.).   Put another way,  Section 1292(b) would only apply if this Court's Order dismissing ABC/Hulu would be considered interlocutory if they were the only defendants in the case.  That is clearly not so.  Since the Order dismissed all claims against ABC/Hulu, it would be a final judgment but for the presence of Defendant Glass.

Rather, in theory, the correct procedural vehicle for seeking appellate review

---

[1] For example, ABC/Hulu respectfully disagrees with this Court's conclusion that the Documentary is not subject to the "newsworthiness" exception under Georgia law.  Should interlocutory review be granted, ABC/Hulu would argue this Court's decision dismissing them may be affirmed on that alternative ground.

of the dismissal of ABC/Hulu would be Federal Rule of Civil Procedure 54(b). That rule "applies only to adjudications that would be final under Section 1291 if they occurred in an action having the same limited dimensions." Wright & Miller, 10 Fed. Prac. & Proc. Civ. § 2658.2 (4th ed.). In other words, because the order dismissing ABC/Hulu would be final if this were a single-party case, a request under Rule 54(b) that the Court enter a final judgment as to ABC/Hulu would be the proper vehicle to seek review of that judgment. *See Ford Motor Credit Co. v. S. E. Barnhart & Sons, Inc.*, 664 F.2d 377, 380 (3d Cir. 1981) ("[i]f an order can be made appealable by a Rule 54(b) certificate, it, and not a § 1292(b) certificate, should be sought"); *DeMelo v. Woolsey Marine Indus., Inc.*, 677 F.2d 1030, 1032 (5th Cir. 1982) ("a potential Rule 54(b) order may not be made the subject of a section 1292(b) appeal").

Here, Plaintiff has not invoked Rule 54(b). Nor does Plaintiff seek review of this Court's Order dismissing ABC/Hulu as if it were a final judgment, or offer any argument as to why such plenary review would be helpful or even appropriate. Rather, the Motion only seeks review of two "issues" within that Order. Because Section 1292(b) is not appropriately invoked, this Court should exercise its discretion to deny Plaintiff's request.[2]

---

[2] It bears noting that courts and commentators have expressed conflicting views about whether, if a district court grants certification under § 1292(b) where Rule 54(b) was the appropriate vehicle, a court of appeals may nonetheless allow the appeal. *See DeMelo*, 677 F.2d at 1031–32 (discussing conflicting caselaw and treatises). To ABC/Hulu's knowledge, the Eleventh Circuit has not addressed that

## II.    EVEN IF SECTION 1292(b) APPLIED, PLAINTIFF DOES NOT MEET THE REQUIREMENTS FOR IMMEDIATE REVIEW

### A.    The Motion Presents No Controlling Question of Law

In *McFarlin*, the Eleventh Circuit articulated clear guidelines for what qualifies as a "controlling question of law" for purposes of Section 1292(b).  The Court held that a controlling question of law does not encompass "the application of settled law to fact," or "any question the decision of which requires rooting through the record."  *McFarlin*, 381 F.3d at 1258.  "Instead, what the framers of § 1292(b) had in mind is more of an abstract legal issue or what might be called one of 'pure' law, matters the court of appeals 'can decide quickly and cleanly without having to study the record.'"  *Id.* (quoting *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000)).  For example,  "[f]undamental questions of law, appropriate for interlocutory appeal, include 'the determination of who are necessary and proper parties, whether a court to which a cause has been transferred has jurisdiction, or whether state or federal law should be applied.'"  *Youssofi v. Credit One Fin.*, No. 15-CV-1764-AJB-RBB, 2016 WL 6395086, at *2 (S.D. Cal. Oct. 28, 2016) (quoting *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026–27 (9th Cir. 1981)).

---

question.  But even if the Eleventh Circuit might, in theory, allow such an appeal, that would have no bearing on whether it would be an appropriate exercise of this Court's discretion to deny certification where it was improperly sought under Section 1292(b).

The issues of what the scope of ABC/Hulu's intellectual property rights in the Docuseries may be, or whether they are bound by Glass's waiver of its First Amendment rights, does not come close to satisfying that standard. Indeed, the issues presented here do not present any "question of law" at all, let alone the kind of pure question of law of the kind contemplated by § 1292(b).

The first "issue" for which Plaintiff seeks certification merely seeks to clarify the scope of ABC/Hulu's "rights" to a particular documentary, specifically whether these Defendants have "rights to broadcast the Docuseries that are broader than Glass's rights." Mot. at 4, 9. As discussed in Point B below, that is not an issue that was addressed in this Court's Order, and rightly so because it is not even presented by this case. But even if it were presented, on its face that issue would be the antithesis of a controlling question of law. It would merely involve the application of settled legal principles—which Plaintiff herself describes as "axiomatic," Mot. at 9—to the specific facts alleged in the Amended Complaint. *See McFarlin*, 381 F.3d at 1259 ("The antithesis of a proper § 1292(b) appeal is one that turns on . . . whether the district court properly applied settled law to the facts or evidence of a particular case.").

The same is true with respect to the second "issue" raised by the Motion: whether ABC/Hulu waived its First Amendment rights. In its Order, this Court summarized the legal standards applicable to alleged waivers of constitutional rights,

including First Amendment rights.  ECF No. 37 at 32–33.  Plaintiff's Motion does not meaningfully argue that this Court misstated the law.  *See* Mot. 9-12.  Instead, here too she simply disagrees with the Court's application of those standards to the allegations of the Amended Complaint, arguing that under the circumstances pled here ABC/Hulu should be bound by Glass's waiver of its First Amendment rights. That is not a basis for certification.

Because the Motion fails to identify any controlling question of law, it should be denied.

### B.    There is No Substantial Ground for Difference of Opinion

"The requirement that there be substantial ground for difference of opinion is satisfied when (1) the issue is difficult and of first impression, (2) a difference of opinion as to the issue exists within the controlling circuit, or (3) the circuits are split on the issue." *Georgia State Conf. of NAACP v. Fayette Cnty. Bd. of Comm'rs*, 952 F. Supp. 2d 1360, 1362 (N.D. Ga. 2013).  It is "insufficient" that the question be one of first impression; instead, the district court must "analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a *substantial* ground for dispute." *Id.* (quoting *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996)).  In any event, no question of first impression is even presented here.

The two questions Plaintiff proposes for certification do not meet any of the

three circumstances enumerated above.  *See* Mot. at 12.  As to the first issue Plaintiff seeks to certify—whether ABC/Hulu has the same rights as Glass—there is no ground for a substantial difference of opinion because it is not even a relevant question.  Plaintiff devotes pages to the proposition that a party may not assign intellectual property rights it does not own.  *See id.* at 9–12.  But that point has no relevance here, because as this Court held the Docuseries is an expressive work protected by the First Amendment.  Therefore, ABC/Hulu did not need any assignment of Plaintiff's publicity rights to air the Docuseries.  Nor would anyone else who might wish to air the series.

Rather, what Plaintiff appears to really be arguing is that because the Court ruled that the Amended Complaint alleges that Glass purportedly waived its First Amendment rights in its direct communications with Plaintiff, ABC/Hulu automatically did so as well merely by entering into a license agreement with Glass. The same logic would presumably be true for any sub-licensees of ABC/Hulu, and their sub-licensees, and so on.  But there is no substantial ground for difference of opinion about why that proposition is incorrect.

It is well-established that waivers of constitutional rights are narrowly construed and must be explicit and voluntarily made.  *See United States v. S. Coal Corp.*, 64 F.4th 509, 514 (4th Cir. 2023) ("A defendant's waiver of [constitutional] rights . . . is not to be perceived lightly . . . ."); *Endres v. Ne. Ohio Med. Univ.*, 938

F.3d 281, 300 (6th Cir. 2019) ("[C]ontracts . . . require 'clear and unmistakable language' for us to infer that one party has agreed to waive his constitutional rights." (quoting *Morrison v. Warren*, 375 F.3d 468, 474 (6th Cir. 2004))); *Overbey v. Mayor of Baltimore*, 930 F.3d 215, 223 (4th Cir. 2019) (waiver must be "made knowingly and voluntarily" to be enforceable); *Democratic Nat'l Comm. v. Republican Nat'l Comm.*, 673 F.3d 192, 205 (3d Cir. 2012) ("The Supreme Court has long recognized that a party may waive constitutional rights if there is 'clear' and 'compelling' evidence of waiver and that waiver is voluntary, knowing, and intelligent."). Applying that standard, this Court held that because the Amended Complaint alleged that ABC/Hulu did not have any legal agreement with Plaintiff and "is devoid of any allegations that Plaintiff ever communicated with those Defendants," it failed to plausibly plead any waiver by ABC/Hulu of their First Amendment rights. Order at 33.

Tellingly, Plaintiff fails to cite any case supporting the proposition that networks like ABC/Hulu knowingly waive their First Amendment rights with documentary subjects they never spoke to, merely by entering into license agreements with production companies. Indeed, Plaintiff's Motion is devoid of any discussion of any cases or even legal principles concerning waiver of any constitutional rights by anyone. While Plaintiff is free to nonetheless maintain her disagreement with this Court's rulings, that is insufficient to warrant interlocutory

appeal.  *See Irridium Operating LLC v. Motorola, Inc.*, No. 01-02952, 2003 WL 21507196, at *1 (S.D.N.Y. June 30, 2003) (substantial ground for difference of opinion must "involve[] more than just a strong disagreement among the parties") (citation omitted); *Minnesota Mut. Life Ins. Co. v. Ricciardello*, No. 3:96CV2387 (AHN), 1998 WL 241216, at *1 (D. Conn. May 4, 1998) ("The fact that the parties disagree as to the interpretation of the law does not create a substantial difference of opinion.").

Finally, Plaintiff argues that these issues are important enough to warrant interlocutory appeal because this Court's alleged errors will have "serious adverse consequence[s]." Mot. at 3.  She speculates that a consequence of the Court's Order "is that while courts will protect the privacy of a confidential source when a news agency agrees to keep her identity confidential, a buyer or licensee of the news agency's story may freely disclose to the public the identity of the confidential informant – because the buyer or licensee has no agreement with the source to keep her identity confidential." *Id.*  This is a false analogy.  Plaintiff cites no law for the proposition that a news organization's licensees, merely by virtue of that status, owe duties of confidentiality directly to sources with whom they have never communicated.  For that very reason, news organizations generally limit information about the identities of sources to a strictly need-to-know basis within the organization.  If anything, this analogy further illustrates why Plaintiff's theory

11

about "assignment" of non-existent "rights" to licensees has no merit.

In short, Plaintiff's Motion should be denied because the issues it presents provide no substantial basis for a difference in opinion.

### C. Immediate Appeal Will Not Materially Advance the Ultimate Termination of the Litigation

Finally, the requirement that an interlocutory appeal materially advance the termination of the litigation "means that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." *McFarlin*, 381 F.3d at 1259.  To meet this requirement, "the appeal must '(1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly.'" *Chamberlain v. Crown Asset Mgmt.*, 622 F. Supp. 3d 1068, 1072 (D. Utah 2022) (quoting *United States v. Intermountain Healthcare, Inc.*, No. 2:20-CV-00372-TC-CMR, 2022 WL 742693, at *1 (D. Utah Mar. 11, 2022)).  The requirement "is strictly construed to preclude appeals that have no clear potential to materially advance the litigation's termination." *In re 105 E. Second St. Assocs.*, No. M-47 (LLS), 1997 WL 311919, at *2 (S.D.N.Y. June 10, 1997).

Plaintiff asserts: "If an immediate appeal is not granted, it is possible that [she] will proceed with discovery, pre-trial motions and trial against Glass, only to have the Eleventh Circuit reverse the Court's Order after final judgement," causing the case "to start all over with [Plaintiff's] claims against ABC and Hulu."  Mot. at 13.

But that proposition is true in every case where a district court dismisses some, but not all parties to a case.  If that speculative possibility was sufficient to warrant interlocutory review, such review would be the norm rather than the exception. *Sigma Fin. Corp. v. Am. Int'l Specialty Lines Ins. Co.*, 200 F. Supp. 2d 710, 724 (E.D. Mich. 2002) ("[T]he movant 'must advance something more than mere conjecture that certification would substantially reduce time and expense.'" (quoting *Zygmuntowicz v. Hosp. Invs., Inc.*, 828 F. Supp. 346, 353 (E.D. Pa. 1993))).

Moreover, this case presents a particularly weak candidate for interlocutory review because all the claims dismissed as to ABC/Hulu were not dismissed as to Glass.  If Glass prevails on those claims (both in this Court and in any appeal from a final judgment), then the same claims against ABC/Hulu would almost certainly be moot.  And if Glass does not prevail, Plaintiff never explains what would be left to pursue against ABC/Hulu as to the same claims it would have already won. Any possibility that interlocutory review would materially advance this litigation is therefore especially remote and speculative.  It is more likely that "rather than advancing the litigation, certification would substantially delay it in this case." *In re Oxford Health Plans, Inc.*, 182 F.R.D. 51, 53 (S.D.N.Y. 1998). [3]

---

[3] Even if Plaintiff had invoked Rule 54(b), she could not demonstrate that "there is no just reason for delay" for the same reasons.  That an appeal would not materially advance the litigation is itself a just reason for delay.  Moreover, "[o]f particular relevance to [the "no just reason for delay"] analysis is 'the degree to which pending claims are legally and factually intertwined with the adjudicated claim that

## CONCLUSION

For the foregoing reasons, ABC/Hulu respectfully request that the Court deny

Plaintiff's Motion for Certificate of Immediate Review.

Dated: September 4, 2024                    Respectfully submitted,

*/s/ Amanda G. Hyland*
Amanda G. Hyland
GA Bar No. 325115
**BUCHALTER APC**
3350 Riverwood Parkway SE, Ste. 1900
Atlanta, Georgia 30339
(404) 832-7534
ahyland@buchalter.com

Nathan Siegel (admitted *pro hac vice*)
Marietta Catsambas (admitted *pro hac vice*)
**DAVIS WRIGHT TREMAINE LLP**
1301 K Street NW, Suite 500 East
Washington, D.C. 20005
(202) 973-4200
nathansiegel@dwt.com
mariettacatsambas@dwt.com

*Attorneys for Defendants ABC News, Inc.*
*and Hulu, LLC*

---

constitutes a final judgment,' because 'where there is significant factual overlap between' these claims, 'courts should be reluctant to use Rule 54(b).'" *Concordia Pharms. Inc. v. Winder Lab'ys, LLC*, No. 2:16-CV-00004-RWS, 2021 WL 3571338, at *2 (N.D. Ga. Apr. 26, 2021) (quoting *Boone v. Corestaff Support Servs., Inc.*, 805 F. Supp. 2d 1362, 1379 (N.D. Ga. 2011)). Here, the pending claim and the adjudicated claim are the exact same cause of action—misappropriation of likeness. Since Plaintiff's theory is that ABC/Hulu stand in the same position as Glass, should Glass prevail on that claim, any interlocutory appeal about whether Plaintiff plausibly pled that ABC/Hulu waived their First Amendment rights would be purely advisory.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D, counsel certifies that the foregoing was prepared

in Times New Roman, 14-point font, in compliance with Local Rule 5.1C.


*/s/ Amanda G. Hyland*
Amanda G. Hyland
GA Bar No. 325115